1  **GREENBERG TRAURIG LLP**
   E. Patrick Ellisen (SBN 142033)
2  (ellisenp@gtlaw.com)
   Daniel T. McCloskey (SBN191944)
3  (mccloskeyd@gtlaw.com)
   1900 University Avenue 5th Floor
4  East Palo Alto, CA 94303
   Telephone: (650) 328-8500
5  Facsimile: (650) 328-8508

6  Attorneys for Defendants
   **WILEY X, INC.** and **5.11, INC.**
7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10 | OAKLEY, INC., a Washington corporation, | Case No. 11CV2173 WQH-CAB |

11 |              Plaintiff, | **DEFENDANTS WILEY X, INC. AND 5.11, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |

12 |        v. |

13 | 5.11, INC., a California corporation, and WILEY X, INC., a California corporation, |

14 |              Defendants. | *[Filed Concurrently with Notice of Motion and Motion to Dismiss and Declaration of Daniel T. McCloskey]* |

15

16 | Assigned to: Judge William Q. Hayes

17 | Date:  December 12, 2011
     Time:  11:00 a.m.
     Ctrm:  4, Fourth Floor
18

19 | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

20

21

22

23

24

25

26

27

28

---

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS COMPLAINT;                                    **Case No. 11CV2173 WQH-CAB**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Oakley, Inc.'s Complaint for Patent Infringement is devoid of the most basic facts required to put the Defendants on notice of Oakley's allegations or to state plausible bases for its claims. Oakley alleges that Defendants Wiley X, Inc. and 5.11, Inc. infringe three different patents -- one utility patent and two design patents. Yet, Oakley fails (and now refuses) to identify a single product of either company that is alleged to infringe any of the three patents. Oakley also non-specifically alleges that Defendants had "actual and constructive knowledge" of the patents-in-suit, yet provides no factual support for this conclusory allegation. Further, Oakley pleads no facts to support its indirect infringement claims, failing to state any facts to show that Defendants possessed the requisite specific intent for inducement or contributory infringement. Oakley alleges that Defendants willfully infringed each of the patents, but again fails to plead a single fact to provide the foundational support for its allegations.

Even prior to the U.S. Supreme Court's decision in *Ashcroft v. Iqbal*, such conclusory pleadings, including providing only bare references to undefined "products," were insufficient to meet the pleading requirements of Federal Rule 8(a). After *Iqbal*, courts have routinely held that such boilerplate allegations are plainly inadequate.[1] Oakley had an obligation under Rule 11 to investigate its charges prior to bringing suit, and in connection therewith, should have identified the specific products and other material facts upon which it bases its Complaint. It has failed to do so.

Further, the nature of the utility and design patents at issue are such that Oakley is capable of identifying allegedly infringing products from publicly available information, without the need for discovery. Indeed, Oakley identified certain products in pre-litigation correspondence with Defendants. Tellingly, now that it's allegations are subject to Rule 11, Oakley refuses to identify any products whatsoever. Further, Wiley X and 5.11 have extensive product lines with varying

---

[1] Counsel for Wiley X and 5.11 met and conferred with Oakley counsel in an effort to resolve this issue without the need for a motion. Defendants' counsel explained the reasons why the present pleading is defective and subject to dismissal. Despite being provided with case authorities indicating that their position was untenable, Oakley's counsel refused to amend the Complaint and indicated that it would oppose this Motion. *See* McCloskey Decl., Exh. 1.

products. Bare references to "products" are not sufficient to apprise Defendants of the allegations Oakley intends to pursue in this case.

Defendants move to dismiss on the grounds that, except for conclusory allegations, Oakley fails to plead any facts to support its infringement claims. Accordingly, under Federal of Civil Procedure 12(b)(6), the Complaint should be dismissed.

## II.  FACTS

In its Complaint for Patent Infringement, Oakley alleges that both Wiley X, Inc. and 5.11, Inc.:

> [h]ave, and continue to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce infringement of the '949 patent by directly or indirectly making, using, selling, offering for sale and/or importing products which are covered by one or more claims of the '949 patent.

Compl., ¶13 (ECF No. 1)

Oakley further alleges, in pertinent part, that "Defendants had actual or constructive knowledge of the '949 patent and their actions constitute willful and intentional infringement of the '949 patent." *Id*., ¶14.

Oakley repeats identical allegations with regard to the two unrelated design patents it asserts in this case, U.S. Patent Nos. D543,572 and D384,686. *See id*., ¶¶ 15-18.

Nowhere in the Complaint does Oakley identify any of the allegedly infringing products. Nor does Oakley ever plead any facts to indicate any factual bases for its allegations of direct and indirect infringement, for its allegations that Defendants' alleged infringement was and is committed "knowingly, intentionally and willfully," or for its allegations that Defendants had actual or constructive knowledge of each of the three patents-in-suit.

## III.  ARGUMENT

### A.  Applicable Pleading Standard.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. To survive a 12(b)(6) motion, a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* ––– U.S. –––, –––, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim for relief is facially

plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950.

### B. Oakley's Complaint Must be Dismissed Because it Fails to Identify Any Accused Products of Either Defendant.

Oakley's boilerplate recitation of the legal standard for infringement, which fails to identify any accused products of either Wiley X or 5.11 with respect to any of the three patents-in-suit, renders its Complaint deficient. As a court recently noted in dismissing a nearly identically drafted complaint, such "generic allegations fail to specify the basis for a claim of infringement or even to identify the allegedly infringing product." *See ACCO Brands USA, LLC. v. Hewlett Packard Company*, 2011 WL2511564, *2 (C.D.Cal. Jun. 23, 2011) (noting, in view of the failure to identify accused products nor "any sort of factual specificity in the Complaint, Moving Defendants have no notice of the claims they are required to meet and defend.") Courts routinely dismiss complaints for failure to identify allegedly infringing products. *See e.g., Wistron Corp. v. Phillip M. Adams & Assocs.*, 2011 WL4079231, *4 (N.D. Cal. Sept. 12, 2001) (dismissing infringement complaint and noting that plaintiff's "bare reference to 'products' is clearly inadequate"); *Bender v. LG,* 2010 U.S. Dist. LEXIS 33075, at *12, 2010 WL 889541 ("[s]everal recent district court cases have held that the factual allegations in a patent infringement complaint must identify the specific products accused"); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.,* 2011 U.S. Dist. LEXIS 48399, at *9, 2011 WL 1748607 (N.D.Ill. May 5, 2011) ("[a]t a minimum, the plaintiff must plead which of the defendant's products is at issue"); *Adiscov, LLC v. Autonomy Corp.*, 2011 WL 326000, *3–*4 (E.D. Va. 2011) (dismissing suit that did not sufficiently identify an accused product finding that "its conclusory allegations in the complaint neither give [defendants] notice of the substance of the suit against them, nor raise the 'right to relief above the speculative level.'") Notably, these authorities demonstrate that even courts in districts with local patent rules have required plaintiffs to identify specific accused products in the complaint towards compliance with FRCP Rule 8 and

3

*Twombly/Iqbal*.

Even under the more liberal pleading standard courts applied prior to the Supreme Court's decision in *Iqbal*- or under the so-called Form 18 form for patent infringement complaints- Oakley's complaint is insufficient for failing to identify any accused products. *See ACCO*, 2011 WL2511564 at * 2 (merely alleging that "products" infringe fails to provide notice under pre-*Twombly* pleading standard); *Lyda v. FremantleMedia N. Am., Inc.*, 2011 WL 2898313, *2–*3 (S.D.N.Y. Jul. 14, 2011) (granting motion to dismiss because complaint failed to identify a specific accused product, and holding "Here, the Court need not determine whether the *Twombly/Iqbal* or the Form 18 standard governs because the Complaint fails to provide any details whatsoever about the infringing device or method and is therefore insufficient under both standards.")  Further, any suggestion by Oakley that identifying accused products is contrary to Federal Circuit authority is incorrect, and has been rejected.  *See Wistron*, 2011 WL4079231, *4 ("To the extent Adams argues that providing an exact identification is in conflict with Federal Circuit precedent, that is not true.")

In view of the great weight of authority, Oakley's bare references to "products" is inadequate, and the Complaint should be dismissed.

**C.    Oakley's Complaint Fails to Specify A Factual Basis For Indirect Infringement.**

Similarly defective is Oakley's failure to provide anything more than conclusory boilerplate language with respect to its allegations of the indirect infringement engaged in by Defendants for each of the three patents-in-suit.

The requirements for establishing indirect infringement are well-settled.  "[T]o prevail on an inducement claim, [a] patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.' " *ACCO Brands, Inc. v. ABA Locks Mfr. Co.,* 501 F.3d 1307, 1312 (Fed.Cir.2007).  To establish contributory infringement, plaintiff "must show that [defendant] 'knew that the combination for which its components were especially made was both patented and infringing." *Fujitsu Ltd. v. Netgear Inc.,* 620 F.3d 1321, 1330 (Fed.Cir.2010).

As noted, a plaintiff must establish that a defendant possesses a specific mental state for indirect infringement.  In *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011), the

4

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS COMPLAINT;                                            Case No. 11CV2173 WQH-CAB

Supreme Court held that "induced infringement under §271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech*, 131 S. Ct. at 2068.  This requisite knowledge to find inducement under §271(b) is the "same knowledge" necessary to find contributory infringement under §271(c).  *Id.*; s*ee also Fujitsu Ltd. v. Netgear Inc.,* 620 F.3d 1321, 1330 (Fed.Cir.2010).  Thus, both types of indirect infringement require the same heightened mental state.

Oakley's Complaint fails to identify any facts to support its conclusory allegations that Defendants have induced infringement or have contributed to the infringement.  Oakley identifies no components that are alleged to infringe, no allegedly infringing combinations, and no acts of inducement.  Oakley provides no facts to indicate that either Defendant possessed the required mental state for indirect infringement. As this Court and many others have held, merely reciting the elements of a claim without pleading any plausible basis for each Defendants' indirect infringement is fatally insufficient.  *See DR Sys., Inc. v. Avreo, Inc.* 2011WL4850171, *3 (S.D. Cal. Oct. 12, 2011)  (dismissing claims for inducement and contributory infringement because plaintiff "did not plead any facts concerning how [defendant]" induced or contributed to infringement); *Weiland Sliding Doors and Windows, Inc. v. Panda Windows and Doors, LLC*, 2011 WL 3490471, *3-4 (S.D. Cal. Aug. 10, 2011) (dismissing indirect infringement claims as insufficient under *Iqbal* standard); *Wistron*, 2011 WL4079231, *6 ("the Court dismisses the indirect infringement claims, both for failure to provide the requisite specificity regarding which components are at issue and failure to plead nonconclusory facts establishing a plausible claim of knowledge."); *Air Vent, Inc. v. Owens Corning Corp.,* No. 02: 10–cv–01699, 2011 U.S. Dist. LEXIS 70833, at *15, 2011 WL 2601043 (W.D. Pa. June 30, 2011) (noting that "the Complaint includes a single conclusory averment that Owens Corning 'knew or had reason to know' that the VentSure product would cause contributory infringement of the '574 Patent because of the prior business relationship between the parties" but that "the Complaint does not set forth any factual averments which describe why or how such a relationship would have resulted in such specific knowledge by Owens Corning").

**D.   Oakley's Complaint Fails to State a Factual Basis for Willful Infringement.**

As is the case with respect to its allegations of direct and indirect infringement, Oakley pleads only conclusory allegations of willful infringement.  *See* Compl., ¶¶ 13-18.  Oakley fails to

5

allege any facts to indicate either Defendant's knowledge of each of the patents-in-suit or that their conduct rises to the level of "objective recklessness" as required to support allegations of willful infringement. Accordingly, Oakley's Complaint should be dismissed. *See IpVenture, Inc. v. Cellco Partnership*, 2011 WL 207978, *1–*3 (N.D. Cal. Jan. 21, 2011) ("[b]ecause there are no facts to support the claim that Defendants actually had knowledge of the issued patent, and there is merely the bare recitation of the required legal elements for willful infringement, the Court finds that Plaintiff has failed to state a cause of action for willful infringement.")

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the within Motion to Dismiss Oakley's Complaint, in its entirety.

Respectfully submitted,

Dated: November 14, 2011                              GREENBERG TRAURIG, LLP


By:   /s/ E. Patrick Ellisen
         E. Patrick Ellisen

Attorneys for Defendants WILEY X, INC. and 5.11, INC.
Email: ellisenp@gtlaw.com

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN MATEO:**

     I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1900 University Avenue, 5th Floor, E. Palo Alto, CA 94303**.

     On the below date, I served **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the United States District Court for the Southern District, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Michael K. Friedland                               *Attorneys for Plaintiff, OAKLEY, INC.*
Paul N. Conover
Ali S. Razai
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502
Email: mfriedland@kmob.com
        pconover@kmob.com
        ali.razai@kmob.com

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**
In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court and at whose direction the service was made.

     Executed on November 14, 2011 at East Palo Alto, California.

                                           */s/ E. Patrick Ellisen*
                                            E. Patrick Ellisen