# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>                 Plaintiff,<br><br>vs.<br><br>5.11, INC., a California corporation, and WILEY X, INC., a California corporation,<br><br>                 Defendant. | CASE NO. 11cv2173 WQH (CAB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants 5.11, Inc. and Wiley X, Inc. (ECF No. 14).

## BACKGROUND

On September 16, 2011, Plaintiff Oakley, Inc. ("Oakley") initiated this action by filing the Complaint for patent infringement. (ECF No. 1). On November 22, 2011, Oakley filed an Amended Complaint. (ECF No. 11). On December 9, 2011, Defendants 5.11, Inc. ("5.11") and Wiley X, Inc. ("Wiley X") filed a Motion to Dismiss the Amended Complaint. (ECF No. 14). On December 22, 2011, Oakley filed an opposition. (ECF No. 15). On December 30, 2011, Defendants filed a reply. (ECF No. 16).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Oakley has been engaged in the business of manufacturing and selling several lines of eyewear since at least 1985. (ECF No. 11 at ¶ 8). Oakley currently holds three patents at issue in this case. Patent No. 5,387,949 ("the '949 patent"), entitled "Eyeglass Connection Device,"

connects an eyeglass lens to an earstem. This device "enables the user to interchange different earstems with different lenses." (ECF No. 11, Ex. A at 5). The two remaining patents at issue are Patent No. D543,572 ("the D572 patent"), entitled "Eyeglass"; and Patent No. D384,686 ("the D686 patent"), entitled "Eyeglass Front." (ECF No. 11 at ¶¶ 10, 11).

Defendants 5.11 and Wiley X:

> [h]ave, and continue to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce infringement of the '949 patent by directly or indirectly making, using, selling, offering for sale and/or importing eyewear which are covered by one or more claims of the '949 patent.

(ECF No. 11 at ¶ 16).

Defendants 5.11 and Wiley X received written notice of Oakley's ownership rights in the '949, D572, and D686 patents as early as July 25, 2011. *Id*. at ¶ 13. Oakley has provided constructive notice to the public by placing its patents on the products and/or packaging. *Id*. at ¶ 14. Oakley has not given Defendants permission or license to use its patents. *Id*. at ¶¶ 17, 19, 21. Defendants have and will continue to receive profits through its manufacture and sale of eyewear that infringe upon each patent. *Id*. at ¶¶ 12, 22. Oakley alleges claims for willful and intentional infringement of each of its three patents against 5.11 and Wiley X. *Id*. at ¶¶ 16-21.

## CONTENTIONS OF PARTIES

Defendants 5.11 and Wiley X contend that Oakley's Amended Complaint must be dismissed because it fails to specifically identify any accused products of either 5.11 or Wiley X that infringe upon the three patents at issue. (ECF No. 14 at 6). Defendants contend that "even courts in districts with local patent rules have required plaintiffs to identify specific accused products in the complaint" in compliance with Federal Rule of Civil Procedure 8(a). *Id.* at 7. Defendants contend that Oakley's Amended Complaint fails even under the more liberal pleading standard under Form 18[1] for patent infringement claims because it fails to identify the accused products. *Id.*

---

[1] Form 18 refers to a sample complaint for patent infringement in the Appendix of Forms to Federal Rule of Civil Procedure 84.

1   Defendants contend Oakley must allege facts which establish: (1) there has been direct
2   infringement; and (2) Defendants "knowingly induced infringement and possessed specific
3   intent to encourage another's infringement," in order to specify a factual basis for indirect
4   infringement. *Id.* Defendants contend Oakley fails to state a factual basis for willful
5   infringement. *Id.* at 10. Defendants contend Oakley must allege facts indicating either 5.11
6   or Wiley X's knowledge of the patents at issue or Defendants' "objective recklessness." *Id.*

7   Oakley contends its reference to the alleged infringement of "eyewear" is sufficient to
8   meet the pleading standards of Form 18. (ECF No. 15 at 3). Oakley contends that its
9   Amended Complaint satisfies the Rule 8 requirement of "facial plausibility," even if the Court
10  relies on the pleading standard in *Twombly* and *Iqbal*. *Id.* at 2. Oakley contends it "need only
11  plead facts sufficient to place the alleged infringer on notice." *Id.* at 3. Oakley contends it will
12  serve "detailed identification of Defendants' infringing products" when required by Local
13  Patent Rule 3.1. *Id.*

14  Oakley contends its claims of indirect infringement "provide Defendants with fair
15  notice of [its] claim and are plead with the specificity required by the Federal Rules." *Id.* at
16  7. Oakley contends that although a patentee must prove knowledge and materiality "beyond
17  a showing of direct infringement," it is not required to prove these elements at the pleadings
18  stage. *Id.* at 8. Oakley asserts that in the alternative, if this Court grants the motion, Oakley
19  should be granted leave to amend. *Id.* at 8.

20                              **APPLICABLE STANDARD**

21  "A motion to dismiss for failure to state a claim upon which relief can be granted is a
22  purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501
23  F.3d 1354, 1355-56 (Fed. Cir. 2007).

24  Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim
25  upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure
26  8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain
27  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
28  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal

theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## ANALYSIS

The elements of a claim for contributory infringement are (1) selling a device capable of infringing the patent which is not "suitable for substantial non-infringing use," (2) with knowledge that the infringing device was "especially adapted for use in an infringement of such patent," and (3) actual infringement by another. *See* 35 U.S.C. § 271(c); *Golden Blount v. Robert H. Peterson Co.*, 438 F.3d 1354, 1363 (Fed. Cir. 2006). Pursuant to 35 U.S. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." "To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they actively and knowingly aided and abetted another's direct

infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).

In this case, Oakley identifies Defendants' "eyewear" as the allegedly infringing product or device. Defendants Wiley X and 5.11 manufacture and sell lines of eyewear containing over thirty and fifteen distinct designs, respectively. (ECF No. 14 at 1). Defendants have extensive product lines that fall under the broad category of "eyewear." *Id.* at 2. Oakley's allegations do not provide Defendants with sufficient information regarding the features or designs that allegedly infringe upon Oakley's patents. Oakley's broad claims of infringing "eyewear" are not pled with the specificity necessary to provide fair notice of its claims against Defendants, and fail to identify any specific products. The Court concludes that Oakley has not adequately alleged a claim for patent infringement of its three patents. Oakley's allegations of infringement on "eyewear" are not plausibly suggestive that it is entitled to relief. Defendants' Motion to Dismiss is granted.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants Wiley X, Inc. and 5.11, Inc. (ECF No. 14) is **GRANTED**. Plaintiff may file a motion for leave to file a Second Amended Complaint, accompanied by a proposed Second Amended Complaint, within thirty days from the date of this order.

DATED: April 17, 2012

**WILLIAM Q. HAYES**
United States District Judge