1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  OAKLEY, INC., a Washington corporation, | CASE NO. 11CV2173 WQH (KSC) |
| 12 | **ORDER** |
|               Plaintiffs, | |
| 13     vs. | |
| 14  5.11, INC., a California corporation; WILEY X, INC., a California corporation, | |
| 15              Defendants. | |

16 HAYES, Judge:

17       The matter before the Court is the Motion for Leave to File Second Amended

18 Complaint (ECF No. 20) filed by Plaintiff Oakley, Inc.

19                     **BACKGROUND**

20       On September 16, 2011, Plaintiff Oakley, Inc. ("Oakley") initiated this action by filing

21 the Complaint for patent infringement. (ECF No. 1). On November 22, 2011, Oakley filed

22 an Amended Complaint. (ECF No. 11). On December 9, 2011, Defendants 5.11, Inc. ("5.11")

23 and Wiley X, Inc. ("Wiley X") filed a Motion to Dismiss the Amended Complaint. (ECF No.

24 14).

25       The Court stated:

26        In this case, Oakley identifies Defendants' "eyewear" as the allegedly infringing product or device. Defendants Wiley X and 5.11

27        manufacture and sell lines of eyewear containing over thirty and fifteen distinct designs, respectively. (ECF No. 14 at 1). Defendants have

28        extensive product lines that fall under the broad category of "eyewear." *Id.* at 2. Oakley's allegations do not provide Defendants with sufficient

         11cv2173WQH (KSC)

1  information regarding the features or designs that allegedly infringe
2  upon Oakley's patents.  Oakley's broad claims of infringing "eyewear"
   are not pled with the specificity necessary to provide fair notice of its
3  claims against Defendants, and fail to identify any specific products.
   The Court concludes that Oakley has not adequately alleged a claim for
4  patent infringement of its three patents.   Oakley's allegations of
   infringement on "eyewear" are not plausibly suggestive that it is
5  entitled to relief.  Defendants' Motion to Dismiss is granted.

*Id.* at 5.  The Court stated that Plaintiff could file a motion for leave to file a second

amended complaint.

On May 15, 2012, Plaintiff filed the Motion for Leave to File Second Amended

Complaint.  (ECF No. 20).  Plaintiff contends that the proposed Second Amended

Complaint identifies the allegedly infringing products and cures the deficiencies identified

by the Court's order.

On June 11, 2012, Defendants 5.11, Inc. and Wiley X, Inc. filed an Opposition.

(ECF No. 21).  Defendants contend that the proposed Second Amended Complaint is futile

because it lacks factual support regarding willful infringement and it relies on the same

conclusory allegations contained in the prior complaint.

On June 18, 2012, Plaintiff filed a Reply.  (ECF No. 22).

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure mandates that the court "should freely

give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  "This policy is to be

applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051

(9th Cir. 2003) (quotation omitted).  In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme

Court offered several factors for district courts to consider in deciding whether to grant a

motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue
> delay, bad faith or dilatory motive on the part of the movant, repeated
> failure to cure deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance of the
> amendment, futility of amendment, etc.–the leave sought should, as
> the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir.

2004) (citing *Foman* factors).

1    "Not all of the [*Foman*] factors merit equal weight.  As this circuit and others have held,

2    it is the consideration of prejudice to the opposing party that carries the greatest weight."

3    *Eminence Capital*, 316 F.3d at 1052 (citations omitted).  "The party opposing amendment

4    bears the burden of showing prejudice."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187

5    (9th Cir. 1987).  "Absent prejudice, or a strong showing of any of the remaining *Foman*

6    factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."

7    *Eminence Capital*, 316 F.3d at 1052.

8    After consideration of the submissions of the parties, the Court concludes that

9    Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the

10   presumption under Rule 15(a) in favor of granting leave to amend.  *See Eminence Capital*, 316

11   F.3d at 1052.  The Court will defer consideration of any challenge to the merits of the proposed

12   first amended complaint until after leave to amend is granted and the amended pleading is

13   filed.  *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at

14   *2 (N.D. Cal., Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily

15   defer consideration of challenges to the merits of a proposed amended pleading until after

16   leave to amend is granted and the amended pleading is filed.").

17                                           **CONCLUSION**

18

19   IT IS HEREBY ORDERED that the Motion for Leave to File Second Amended

20   Complaint (ECF No. 20) filed by Plaintiff Oakley, Inc. is GRANTED.  Plaintiff shall file the

21   proposed Second Amended Complaint no later than ten days from the date of this Order.

22   DATED:  July 9, 2012

23

24                                           **WILLIAM Q. HAYES**
                                             United States District Judge
25

26

27

28