1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>                              Plaintiff,<br><br>      vs.<br><br>5.11, INC., a California corporation, and WILEY X, INC., a California corporation,<br><br>                              Defendant. | CASE NO. 11cv2173 WQH (CAB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Oakley's Second Amended Complaint filed by Defendants Wiley X, Inc. and 5.11, Inc. (ECF No. 25).

## BACKGROUND

On September 16, 2011, Plaintiff Oakley, Inc. ("Oakley") initiated this action by filing the Complaint for patent infringement. (ECF No. 1). On November 22, 2011, Oakley filed an Amended Complaint. (ECF No. 11).

On April 17, 2012, this Court granted a motion to dismiss the amend complaint. (ECF No. 19). The Court found that Oakley's allegations that "eyewear" manufactured and sold by the Defendants knowingly, intentionally and willfully infringes Oakley's ownership rights in the '949, D572, and D686 patents did "not provide Defendants with sufficient information regarding the features or designs that allegedly infringe upon Oakley's patents." *Id*. at 5.

On July 9, 2012, Plaintiff Oakley filed a second amended complaint alleging that Oakley has been engaged in the business of manufacturing and selling several lines of eyewear

1    since at least 1985.  (ECF No. 24 at ¶ 8).  Oakley currently holds two patents  Patent No.

2    D543,572 ("the D572 patent"), entitled "Eyeglass"; and Patent No. D384,686 ("the D686

3    patent"), entitled "Eyeglass Front."  (ECF No. 24 at ¶¶ 9, 10).  The second amended complaint

4    alleges that "Defendants have received written notice of Oakley's proprietary rights in the D

5    572 and D868 patents as early as July 25, 2011" and that "Oakley has provided constructive

6    notice of its patent rights to the public by causing its patents to be placed on patented products

7    and/or packaging." (ECF No. 24 at ¶¶ 11, 12, 13).

8         The second amended complaint alleges that "Defendants manufacture, use, sell, offer

9    for sale and/or import into the United States eyewear that infringe Oakley's intellectual

10   property rights" specifically identifying the claim that the Defendants *Deflect* sunglasses

11   infringe the D572 patent and that the Defendants' *Ascend* sunglasses infringe the D686 patent.

12   (ECF No. 24 at ¶¶ 15, 17).  Oakley alleges claims for willful and intentional infringement of

13   each of its patents.

14                            **CONTENTIONS OF PARTIES**

15        Defendants contend that the Court should dismiss the second amended complaint

16   pursuant to Rule 12(b)(6) on the grounds that Oakley fails to allege facts to support willful

17   infringement. Defendants contend that the second amended complaint fails to allege facts

18   sufficient to establish that Defendants acted with objective recklessness or had the subjective

19   intent to infringe.  Oakley contends that the allegations in the second amended complaint

20   satisfy the pleading requirements.  Oakley asserts that the complaint identifies the specific

21   products alleged to infringe and sufficiently alleges Defendants' knowledge of the issued

22   patents before the action was filed.

23                             **APPLICABLE STANDARD**

24        Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim

25   upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure

26   8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain

27   statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).

28   Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal

1  theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police*

2  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3      When considering a motion to dismiss, a court must accept as true all "well-pleaded

4  factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).  The

5  complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden*

6  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  However, the court need not "accept as true

7  unreasonable inferences or conclusory legal allegations." *Id.*

8                                  **RULING OF THE COURT**

9      "[T]o establish willful infringement, a patentee must show by clear and convincing

10  evidence that the infringer acted despite an objectively high likelihood that its actions

11  constituted infringement of a valid patent."  *In re Seagate Technology, Inc.,* 497 F.3d 1360,

12  1371 (Fed. Cir. 2007).  However, the issue at this stage in the proceedings is limited to the

13  sufficiency of the pleadings.  The second amended complaint identifies the specific products

14  alleged to infringe and alleges that the Defendants' had written notice of the issued patents

15  before the action was filed.  (ECF No. 24 at ¶¶ 11, 12, 13, 15, 17).  The Court concludes that

16  second amended complaint sufficiently alleges willful infringement. *See Sentry Prot. Prods.*

17  *Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005) ("Sentry's pleading that the

18  'infringements have been willful and with full knowledge of the ... patents' was sufficient");

19  *Jardin v. Datallegro, Inc.,* 2009 WL 186194, at *7-8 (S. D. Cal. Jan.20, 2009) (Plaintiff

20  alleged sufficient facts to state a plausible claim for willful infringement where "plaintiff

21  identifies the specific accused product... and alleges that defendants had actual knowledge of

22  the patents in suits.").

23                                      **CONCLUSION**

24      IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants Wiley X,

25  Inc. and 5.11, Inc. (ECF No. 25) is denied.

26  DATED:  October 29, 2012

27                                      *William Q. Hayes*

28                                      **WILLIAM Q. HAYES**
                                        United States District Judge